UNITED STATES of America, Plaintiff,

v.

James Wesley AKERS, James Arthur Cronin, Frank Stearns Giese, and Chester Benson Wallace, Defendants.

No. CR 74–33.

United States District Court,
D. Oregon.

Feb. 22, 1980.

See also D.C., 499 F.Supp. 46.

Charles H. Turner, Portland, Or., for plaintiff.

Doron Weinberg, San Francisco, Cal., Michael T. Bailey, Portland, Or., for defendant Giese.

## OPINION

### (Rule 35)

**JAMES M. BURNS, Chief Judge:**

█ At the time sentence was imposed originally in this case, I made a statement in which I discussed briefly the four central purposes of sentencing.[1] To recapitulate, the four purposes are separation, which is intended for the protection of society; rehabilitation; deterrence, both of the individual defendant and of others who might otherwise be inclined to commit similar crimes; and retribution, or an expression of community disapproval of law breaking. This last principle is sometimes described as one which calls for a sentence which will not depreciate the seriousness of the offense.

So far as I am aware, no authority, or no one who purports to be an authority, in the field of criminal law and sentencing has yet articulated any other significant purpose of sentencing. I note, for example, that in the current versions of the criminal code revision now pending before the Congress, S. 1722 in the Senate and H.R. 6233 in the House, these four objectives, though stated somewhat differently, are the declared purposes of sentencing, as, of course, they have been in this court for many years.

At the time of the original sentence, my judgment was that neither separation nor rehabilitation was an acceptable principle to be invoked; I concluded that both deterrence and the expression of community disapproval of criminal behavior were not only acceptable but entirely appropriate purposes to be served. I am satisfied that deterrence and community disapproval remain the issues to be addressed in connection with the defendant's motion to reduce.

Of course, a statement of the purposes of sentencing is only the beginning of sentencing analysis and of arrival at the most appropriate sentencing decision. Each such decision—either in imposing a sentence or in considering its reduction—is an awesome responsibility and a wrenching human experience. I hope it will never not be so. The responsibility is awesome because society has placed the power of decision into the hands of a single official. It is awesome because that decision, and other decisions like it, represent societal policy towards those who have broken the law and thus weakened the social fabric. The experience is wrenching because all of its participants are human—the victim, either an individual or society as a collection of human beings; the law breaker; the prosecutor; the defense attorney; the jurors; the judge; the

---

1. Following affirmance by the Court of Appeals, *United States v. Giese*, 597 F.2d 1170 (9 Cir. 1979), and denial of certiorari, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979), Giese filed a motion to reduce, Rule 35, Fed.R.Crim.P. A hearing was held on that motion February 22, 1980. These remarks were delivered orally at the time Giese's sentence was reduced. They have been edited slightly for publication and footnotes have been added.

warden and the paroler, in cases where imprisonment is ordered; and the supervisor, in cases where probation is the result. If the judge forgets the humanness of any of these, then to that extent, the quality of sentencing likely will suffer.

■ Of course, motions to reduce and the decisionmaking they require occur after the passage of some time. In this case, sentence was imposed in November, 1974, and reduction is being sought in February, 1980, approximately 63 months later. The bulk of this enormous elapse of time is not attributable to any actions or omissions of the defendant.

I think it important to recognize that time alone ought not to work a change in a sentence which was rationally arrived at and imposed in a way and in an amount proportionate to the conduct being punished. Putting a reduction premium on the passage of time alone would simply encourage the guilty to delay. But the passage of time may bring with it changes which affect the ultimate outcome. Ordinarily, in the normal appeal period of six months to a year, very little occurs which will make a difference, except in unusual circumstances, such as when there has been a drastic change in the defendant's health.

But passage of five years may, in fact, affect both the objectives of deterrence and community disapproval, particularly when most of the delay is not attributable to the defendant, and when excessive delay, and the uncertainty which accompanies it, may well be, in itself, a severe punishment to the defendant.

I am inclined to believe that in the social climate of 1980, it is unlikely that deterrence of other would–be violators is as significant a concern as it was in 1974. By the same token, though this is less certain, time may have mitigated to a limited extent the measure of community disapproval originally believed to have been appropriate.

But as Justice Holmes has reminded us, general propositions do not decide concrete cases. The sentencing Judge (or one who is considering reduction) must translate the qualitative values of retribution and deterrence into the concrete judgment of a sentence–in short, into years, months, and days.

But this is not done in a vacuum. Where several persons are convicted of involvement in the same criminal activities, the value of parity must be sought. Especially is this true in cases of multiple defendants where the number of counts on which each has been convicted may differ. In this case, sentences ranged from the 35 years imposed on Mr. Wallace [2] to the five years originally imposed on Dr. Giese. Lack of unwarranted disparity may be an even more difficult goal to achieve than those of retribution and deterrence. But try I must.

Sentencing (or reducing) also is done with knowledge of those opportunities for early release that our criminal justice system provides. Thus, sentences are imposed in light of good time availability [3] and in light of parole guidelines.[4] In this case, according to the most accurate, but tentative and unofficial estimate I have received, the guidelines for a five–year sentence would permit parole only after about 52 months, given the likely offense severity rating and defendant's salient factor score. Hence, the sentence imposed, or any reduced sentence, would result in actual custody for about two–thirds of that period, assuming good behavior.

I note here briefly some aspects personal to Dr. Giese. I have been kept informed of Dr. Giese's conduct during the pendency of his appeal. He has steadfastly adhered to all of the conditions of his release on bail. His record during this period has been as

2. Codefendant Wallace was sentenced to a total of 35 years on conviction in this and a companion case.

3. 18 U.S.C. §§ 4161–4166 essentially allow up to a one–third reduction of sentence for good behavior, depending on the maximum.

4. United States Parole Commission Guidelines, 28 C.F.R. § 2.20, promulgated pursuant to 18 U.S.C. § 4203(a)(1).

exemplary as it was prior to the activities which led to his conviction in this case.

I am aware, too, of Dr. Giese's advancing age—he is now 63 years old. As a result of his conviction, he was terminated from his position on the French Department faculty at Portland State University. Also, as a result of his age, the notoriety attending his conviction, and the uncertainties resulting from his appeal, he has been unable to obtain regular employment in other fields. By virtue of a substantial inheritance, he has, however, remained a relatively well-to-do person.

Throughout the past five years, he has made efforts to contribute productively to society, both through participation in professional language organizations and other groups dedicated to academic, educational or social concerns. He has also endeavored to convert property he owns into a productive tree farm.

I think that I am as aware as any human being could be, who has been assisted by the presentations made here today, and who has tried to study the matter very carefully, of the responsibilities of the decision I must make.

I have concluded that some measure of community disapproval is still necessary and that other persons should be aware that they must not commit acts of violence and that if they endeavor to do so with the assistance of others, imprisonment will be the result.

For these reasons, I reduce the defendant's sentence from five years to a period of two years and six months. Dr. Giese will, of course, be given credit for time already served. I reduce the fine from $10,000 to $5,000. I order the defendant to surrender to an institution to be designated on March 19, 1980, before 5:00 P.M.